**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3413-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HAMID ABDUL-SHABAZZ,

    Defendant-Appellant.

_____

        Submitted February 13, 2018 — Decided  June 6, 2018

        Before Judges Fasciale and Sumners.

        On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 04-01-0037.

        Joseph E. Krakora, Public Defender, attorney for the appellant (Adam W. Toraya, Designated Counsel, on the brief).

        Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

        Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Hamid Abdul-Shabazz appeals from an order denying his second petition for post-conviction relief (PCR) following an evidentiary hearing.  We affirm.

On March 3, 2006, a jury found defendant guilty of first-degree robbery; first-degree attempted murder; fourth-degree aggravated assault; and second-degree possession of a weapon for an unlawful purpose (collectively, the robbery charges).[1]  After reaching its verdict, the jury found defendant guilty of second-degree certain persons not to have a weapon.  Defendant was sentenced on August 25, 2006, to an aggregate prison term of eighteen years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.  We affirmed his conviction and sentence on direct appeal, State v. Abdul-Shabazz, No. A-0305-06 (App. Div. Feb. 29, 2008), and his petition for certification was denied, 195 N.J. 523 (2008).

Almost three months after certification was denied, defendant filed a PCR petition alleging trial counsel was ineffective because he failed to meet with the victim and the victim's mother to discuss the victim's alleged intention to recant his out-of-court identification of defendant as his assailant; failed to file a motion to suppress the victim's out-of-court identification as a

---

[1]  Defendant was found not guilty of third-degree unlawful possession of a weapon.

product of an illegal arrest; and failed to file a motion to obtain all the photographs in a database to argue to the jury. We affirmed the PCR court's finding that defendant failed to establish a prima facie claim of ineffective assistance of counsel under the well-settled two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), State v. Abdul-Shabazz, No. A-2531-11 (App. Div. Nov. 21, 2013), and our Supreme Court denied defendant's petition for certification, 217 N.J. 624 (2014).

Shortly thereafter, on July 21, 2014, defendant filed a pro-se motion[2] to correct an illegal sentence under Rule 3:21-10(b). Counsel was subsequently assigned to represent defendant. During the PCR evidentiary hearing, the judge realized there was a conflict and recused himself, resulting in Judge Randal C. Chiocca taking over and conducting the evidentiary hearing anew.

At the hearing, defendant contended the court failed to conduct a pre-trial conference under Rule 3:9-1(e)[3] to advise him

---

[2] Defendant's filing also included motions to compel discovery previously ordered in the first PCR proceedings, and to convert the gap-time credit awarded to jail-time credit, which were both denied, and we will not address them because they are not the subject of this appeal.

[3] In 2016, the rule was restructured in order to more clearly follow the temporal arrangement of pre-trial events, thus paragraph (e) was re-designated paragraph (f). Since the proceedings in question took place before the rule change, the judge and the parties cite paragraph (e), which was in effect at

of the maximum exposure he faced in the event that he was found guilty at trial. He also claimed counsel was culpable for this error because counsel failed to bring it to the court's attention that such conference should be held. Defendant claimed that if the court or counsel had made him aware of the prison time he faced, he would have accepted the State's plea offer and would not have gone to trial. He furthered asserted that after he was indicted for unrelated homicide charges[4] during the pendency of the robbery charges, he was never advised that a prison sentence on the robbery charges could run consecutively to the sentence that was eventually imposed on the homicide charges when he pled guilty to robbery and certain persons not to have a weapon.[5]

Trial counsel and defendant provided conflicting testimony regarding the advice counsel gave concerning the robbery charges plea offer and defendant's desire to go to trial. Counsel recalled that defendant rejected the plea offer — something less than a

---

that time. To avoid confusion, we stay with the reference to paragraph (e).

[4] Defendant was indicted on four counts of murder, four counts of first-degree robbery, a third-degree weapons offense, a second degree-weapons offense, and a second-degree certain persons not to have weapon.

[5] Defendant was sentenced to a twelve-year term for the homicide charges to run consecutive to the eighteen-year NERA sentence he received for the robbery charges.

fifteen-year term, perhaps a twelve-year term — and that defendant wanted to use alibi witnesses at trial. Counsel further stated that he explained to defendant the exposure he faced if convicted. According to defendant, counsel gave no such advice in any of their three pre-trial meetings.

In his oral decision, Judge Chiocca declared that he was not treating the motion as one to correct an illegal sentence but as a request for PCR, because it did not directly challenge the sentence imposed by the sentencing judge; his direct appeal from his sentence was denied; and he seeks to challenge the pre-trial process. The judge denied PCR on both procedural and substantive grounds.

Judge Chiocca found defendant's contention, that a Rule 3:9-1(e) conference was not held, is barred under Rule 3:22-12(a)(2) because it could have been raised in his first PCR petition. He specifically found that "it's beyond any reasonable doubt that the defendant knew what the factual predicate [— a lack of Rule 3:9-1(e) conference —] for the relief sought before he filed his first . . . PCR where he was represented by able counsel." Despite this determination, the judge addressed the merits of Jenkins' claim and found it had no merit. In crediting counsel's testimony and rejecting defendant's testimony, the judge found that counsel advised defendant of the exposure he faced if he declined the

State's plea offer and lost at trial, and thus, "defendant suffered no prejudice as a result of not having a formal pretrial conference in strict accordance with Rule 3:9-1(e)." The judge elaborated:

> [Defendant] exercised his right to go to trial with the required full knowledge of the potential consequences[,] which I find he was fully informed, despite the fact that a formal pretrial conference was not conducted on any record before this Court. As a result, I'm going to deny this motion.

As for defendant's contention that when he rejected the plea offer he was not advised he could be subject to a consecutive prison term if convicted on the pending robbery charges, Judge Chiocca found "[t]here's nothing in [Rule 3:9-1(e)] or otherwise call[ed] to the court's attention that construes that language to [apply to] all other charges that the defendant may have had under other indictments."

In this appeal, defendant argues:

> POINT I
>
> THE PCR COURT'S ORDER SHOULD BE REVERSED AND THE DEFENDANT'S CONVICTION VACATED BECAUSE, PRIOR TO THE TRIAL, HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL REGARDING THE PLEA OFFER THAT WAS BEING MADE TO HIM AND THE MAXIMUM EXPOSURE HE FACED.
>
> POINT II
>
> THE COURT ERRED IN DENYING THE DEFENDANT'S PCR BECAUSE AT THE TIME OF THE PLEA NEGOTIATIONS HE WAS ASSERTING HIS INNOCENCE AND HIS RIGHT TO GO TO TRIAL.

THE COURT MISAPPLIED ITS DISCRETION IN APPLYING [RULE] 3:22-4, AS A PROCEDURAL BAR AGAINST THE DEFENDANT'S FILING FOR POST CONVICTION RELIEF IN THIS CASE.

In a pro se supplemental brief, defendant argues in a single point:

THE PCR COURT JUDGE ABUSED HIS DISCRETION IN DENYING RELIEF, AND BY IMPOSING A PROCEDURAL BAR TO DEFENDANT'S CLAIM WITHOUT AFFORDING COUNSEL A CHANCE TO ARGUE ANY POTENTIAL EXCEPTIONS TO THE BAR, ESPECIALLY, AFTER THE INITIAL JUDGE HEARING THIS MATTER HAD DENIED THE STATE'S PROCEDURAL BAR ARGUMENTS.

Having considered defendant's arguments in light of the record and applicable legal standards, they lack sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and we affirm substantially for the reasons set forth by Judge Chiocca in his well-reasoned oral decision. We add only the following.

In accordance with Rule 3:22-12(a)(1), a PCR petition must be filed within five years after the entry of the judgment of conviction sought to be challenged. Rule 3:22-12(a)(2) provides that a second PCR petition must be filed within one year of either the date that the constitutional right asserted was newly recognized by the United States Supreme Court or New Jersey Supreme Court; or the date on which the factual predicate for the relief sought was discovered, if the predicate could not have been

discovered earlier with reasonable diligence; or the date of the denial of the first PCR petition with ineffective assistance of counsel that represented defendant on the first petition is being alleged. And under Rule 3:22-4(b), a second PCR petition must be dismissed if it is not timely under Rule 3:22-12(a)(2). While these time limits may be waived to prevent a fundamental injustice, they must be viewed in light of their dual key purposes: to ensure that the passage of time does not prejudice the State's retrial of a defendant and to respect the need for achieving finality. State v. DiFrisco, 187 N.J. 156, 166-67 (2006).

We are satisfied that defendant's second PCR petition, filed eight years after his judgment of conviction, and a few weeks after the denial of his first PCR, is clearly barred under Rule 3:22-12(a)(2). Defendant has articulated no basis to relax the clear restrictions imposed by this rule concerning a second PCR petition by a showing of excusable neglect or manifest injustice. He does not rely on a new rule of constitutional law. His factual predicate, that he was not advised of his trial exposure, was readily discoverable earlier and should have been raised, in his first PCR petition. Finally, the second petition did not allege, nor was it argued before Judge Chiocca, that the first PCR counsel provided ineffective assistance by not arguing that a Rule 3:9-1(f) conference was not held. Thus, defendant's argument that his

first PCR counsel did not raise the contention in the first petition should not be considered as it was raised for the first time before us. See State v. Robinson, 200 N.J. 1, 20 (2009).

Because Judge Chiocca's ruling on the merits is based upon an evidentiary hearing, we must uphold his factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting Robinson, 200 N.J. at 15). Additionally, we defer to a judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15). We owe particular deference to the trial judge's credibility determinations. See State v. Locurto, 157 N.J. 463, 474 (1999). Considering these guidelines, we see no reason to disturb Judge Chiocca's finding that counsel fully informed defendant of the penal consequences of rejecting the plea offer and finding of guilty at trial, as well as the possibility of consecutive sentences if he was convicted of the unrelated homicide charges.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3413-15T4